1
2
3
4

Hon. Karen A. Overstreet
Chapter: 11
Location: Seattle
Hearing Date: December 20, 2013
Hearing Time: 9:30 a.m.
Response Date: December 13, 2013

5
6
7
8

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11

In re

12

JACOB BUTTNICK,

13

Debtor.

NO. 13-20151-KAO

FAIRVIEW INVESTMENT FUND I, LLC'S
RESPONSE TO RECEIVER'S MOTION TO
APPROVE ACCOUNTING, AWARD
COMPENSATION, CLARIFY TITLE TO
ASSETS AND GRANT RELIEF FROM
STAY WITH LEAVE TO CLOSE
RECEIVERSHIP PROCEEDINGS

14
15
16
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///

FAIRVIEW INVESTMENT FUND I, LLC'S RESPONSE TO
RECEIVER'S MOTION TO APPROVE ACCOUNTING,
AWARD COMPENSATION, ETC. - 1

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA  98104
office 206 587 0700 fax: 206 587 2308

{02446063.DOCX;2 }

# I. INTRODUCTION AND RELIEF REQUESTED

In its Motion to Approve Accounting, Award Compensation, Clarify Title to Assets and Grant Relief from Stay with Leave to Close Receivership Proceedings (the "**Motion**," Dkt. No. 19, Aebig & Johnson Business Resolutions LLC ("**AJBR**," or the "**Receiver**") seeks not just allowance, but also payment from funds held by the Receiver, of the Receiver's compensation and the compensation of its counsel, Bucknell Stehlik Sato & Stubner, LLP ("**BSSS**").

Most of the funds in question constitute the collateral of Fairview Investment Fund I, LLC ("**Fairview**") pursuant to three deeds of trust.  At most, the Receiver and BSSS are entitled to an administrative expense claim that would fall behind Fairview's secured claim on its collateral.  Accordingly, and although Fairview does not object to *allowance* of the Receiver and BSSS's reduced compensation at this time, Fairview respectfully requests that *payment* not take place and that the funds held by the Receiver be turned over in full and sequestered pending further order of this Court.

## II. BACKGROUND

Jacob Buttnick (the "**Debtor**") filed a voluntary Chapter 11 petition on November 20, 2013 (the "**Petition Date**").  At the time, a receivership was pending in King County Superior Court, wherein AJBR had been appointed general receiver over the Debtor's property, including property that the Debtor had assigned to AJBR pursuant to an assignment for the benefit of creditors executed on June 20, 2013.  *See* Motion Exhibits 1 & 2 (Dkt. Nos. 19-1 & 19-2).

On November 26, 2013, the Receiver filed the Motion, seeking, among other things, an order approving the payment, in a reduced amount, of its pre-petition fees and expenses and the fees and expenses of its counsel.  The Receiver proposes to pay these fees and expenses out of the funds held by the Receiver before turning the balance of the funds over to the bankruptcy estate.  *See* Proposed Order (Dkt. No. 19-10).  These funds consist mostly of rental proceeds from property of the estate located at 201 First Avenue South in Seattle (the "**J&M Property**").  *See* Motion at 11.

FAIRVIEW INVESTMENT FUND I, LLC'S RESPONSE TO
RECEIVER'S MOTION TO APPROVE ACCOUNTING,
AWARD COMPENSATION, ETC. - 2

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA  98104
office 206 587 0700 fax: 206 587 2308

{02446063.DOCX;2 }

The J&M Property serves as collateral for several loans, including three loans to which Fairview has succeeded as assignee of the original lenders. Declaration of Nels Stemm ("**Stemm Declaration**," submitted concurrently herewith) ¶ 3. Specifically, Fairview is the assignee of the secured loans originally made by the U.S. Small Business Administration, Bel Air & Briney, and Rachel Briney. *Id.*; *see also* Proof of Claim No. 4. The secured status of these loans is not disputed. *See* Motion Exhibit 1 (Dkt No. 19-1) at 5-6. Furthermore, the deeds of trust evidencing these loans make clear that the collateral includes the rents from the J&M Property. *See* Stemm Declaration ¶¶ 4-6 & Exhibits A-C. In other words, Fairview, as assignee of the original beneficiaries of the deeds of trust, has a secured claim on all rental proceeds collected by the Receiver from the J&M Property.

As a secured creditor with a claim on all rents, Fairview objects to the payment of the Receiver and BSSS's requested compensation before secured claims, including Fairview's, are paid. To that end, Fairview does not object to first-priority payment of the claims of other secured creditors who establish a senior entitlement to rents. *See id.* ¶ 7. However, and as further set forth below, Fairview submits that the allowed compensation of the Receiver and BSSS is entitled at most to *administrative priority* status. Accordingly, Fairview respectfully requests that payment of the Receiver and BSSS's compensation, to the extent it is allowed, not be authorized at this time.

### III. ARGUMENT AND AUTHORITY

As an initial matter, there can be no doubt that as of the Petition Date, exclusive jurisdiction over the assets that made up the receivership estate passed to the Bankruptcy Court to administer in accordance with the Bankruptcy Code. *See In re Sundance Corp., Inc.*, 149 B.R. 641, 650 (Bankr. E.D. Wash. 1993) ("[R]eceivership property becomes property of a bankruptcy estate upon filing of a petition, [so] control and decisions affecting the receivership assets which were formerly *in custodia legis* of the state court come under and become the domain of the bankruptcy court.").

FAIRVIEW INVESTMENT FUND I, LLC'S RESPONSE TO
RECEIVER'S MOTION TO APPROVE ACCOUNTING,
AWARD COMPENSATION, ETC. - 3

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax: 206 587 2308

{02446063.DOCX;2 }

Case 13-20151-TWD    Doc 31    Filed 12/12/13    Ent. 12/12/13 13:49:33    Pg. 3 of 5

Compensation of state court receivers and their professionals in bankruptcy is governed by Sections 503(b)(3)(E), 503(b)(4), and 543(c)(2) of the Bankruptcy Code. The first two sections bestow *administrative priority* status upon: (a) the "actual, necessary expenses . . . incurred by . . . a custodian superseded under section 543," (b) the "compensation for the services of such custodian," and (c) "reasonable compensation for professional services rendered by an attorney" of such custodian. 11 U.S.C. §§ 503(b)(3)(E); 503(b)(4); *see also In re 245 Assocs., LLC,* 188 B.R. 743, 748 (Bankr. S.D.N.Y. 1995) ("Section 503(b)(3)(E) grants the superseded receiver an *administrative claim* for his actual, necessary costs and expenses, and for his compensation, and section 503(b)(4) covers the reasonable compensation payable to the superseded custodian's attorney or accountant.") (emphasis added). The elevation of a receiver and its professionals' pre-petition compensation to administrative priority status is an exception to the general rule that administrative expenses under 11 U.S.C. § 503 are only payable if they were incurred *after* the filing of the debtor's bankruptcy petition. *In re Snergy Props., Inc.*, 130 B.R. 700, 704 (Bankr. S.D.N.Y. 1991).

The third section, Section 543(c)(2), "deals with certain of the receiver's post-petition services," *245 Assocs.*, 188 B.R. at 748, and its applicability is "limited to the 'winding up' duties imposed under sections 543(a) and (b)." *Id.* (citing *In re Posadas Assocs.*, 127 B.R. 278, 281 (Bankr. D.N.M. 1991). These sections deal with turnover of property by a custodian to the trustee, and some courts have held that the costs of turnover are also entitled to *administrative priority* status. *See In re Posadas Assocs.*, 127 B.R. at 281-82.

Here, even though Section 543(c)(2) only deals with the costs of turnover—and even though compensation for a receiver's pre-petition services is entitled at most to administrative priority status, *already* constituting an exception to the general rule that only post-petition expenses get priority status—the Receiver and BSSS assert that they are entitled under Section 543(c)(2) to immediate payment of *all* requested compensation. However, the funds from which the Receiver proposes to pay this compensation appear to consist of rents subject to Fairview's

FAIRVIEW INVESTMENT FUND I, LLC'S RESPONSE TO
RECEIVER'S MOTION TO APPROVE ACCOUNTING,
AWARD COMPENSATION, ETC. - 4

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax: 206 587 2308

{02446063.DOCX;2 }

Case 13-20151-TWD    Doc 31    Filed 12/12/13    Ent. 12/12/13 13:49:33    Pg. 4 of 5

secured claim, and administrative expense claims do not have priority over secured claims. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 4 (2000). Accordingly, the Receiver and BSSS, who are administrative claimants, are not entitled to receive payment from rent proceeds until secured claims, including Fairview's are paid. The Receiver has cited no authority to the contrary.

## VI. CONCLUSION

For the foregoing reasons, Fairview respectfully requests that payment of the Receiver and BSSS's compensation, to the extent allowed, not take place until claims have been evaluated and administered in this bankruptcy proceeding, and only upon further order of this Court.

DATED this 12th day of December, 2013.

CAIRNCROSS & HEMPELMANN, P.S.

/s/ *John R. Rizzardi*
John R. Rizzardi, WSBA No. 9388
E-mail: jrizzardi@cairncross.com
Yousef Arefi-Afshar, WSBA No. 40754
E-mail: yarefi-afshar@cairncross.com
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 587-0700
Facsimile: (206) 587-2308
Attorneys for Fairview Investment Fund I LLC

FAIRVIEW INVESTMENT FUND I, LLC'S RESPONSE TO
RECEIVER'S MOTION TO APPROVE ACCOUNTING,
AWARD COMPENSATION, ETC. - 5

{02446063.DOCX;2 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax: 206 587 2308