| | |
|---|---|
| Judge: | Hon. Karen A. Overstreet |
| Chapter: | 11 |
| Hearing Date: | December 20, 2013 |
| Hearing time: | 9:30 a.m. |
| Hearing Site: | 700 Stewart St., #7206 |
| | Seattle, WA 98101 |
| Reply Date: | December 17, 2013 |

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE:

JACOB BUTTNICK,

Debtor-in-Possession.

Case No. 13-20151-KAO

REPLY OF JOLAN INC AND LANCE MIYATOVICH TO MOTION TO APPOINT CHAPTER 11 TRUSTEE

Jolan, Inc. and Lance Miyatovich reply to the various responses to the Motion for the Appointment of a Chapter 11 Trustee ("Motion") as set forth below.

**Buttnick Objection:**

The Debtor contends that the Motion is not timely as three days mailing time needs to be added to the time set forth in Local Bankruptcy Rule 2013. The movant does not read the rules that way. It is the movant's understanding that previously general motions were noted on 18 days notice and then three additional days for were required for mailing. When the Local Bankruptcy Rules were amended the three days notice requirement of Fed. R. Civ. P 9006 was added to the time set forth in the Local Rules and thus additional time for mailing need not be added. If the movant's understanding of the Local Rule is incorrect, they move for an order shortening time by three days.

Mr. Buttnick claims that "it would be irresponsible for a party to sell this property without at least exposing the property to the market and obtaining the assistance of a realtor" yet this is precisely what Buttnick did in the state Court receivership. He, along with His partner Shriki,

- REPLY OF JOLAN INC AND LANCE MIYATOVICH
TO MOTION TO APPOINT CHAPTER 11 TRUSTEE
P a g e | **1**

**WOOD & JONES PS**
303 N. 67TH ST
SEATTLE, WA 98103-5209
PHONE: (206) 623-4382
FACSIMILE: (206) 224-4895

submitted a sweetheart, insider deal to the receiver and then asked that approval of the offer be sought without any marketing of the property.

Mr. Buttnick's contention that he stipulated to a fraudulent transfer but did not intend to deceive anyone is as ridiculous as his argument that he signed documents (the receivership schedules) without reading them so he did not have the requisite intent to deceive. At the very minimum it shows that Mr. Buttnick is not competent to be a debtor-in-possession because he signs documents that he does not know the contents nor meaning of.

Whether the relationship with the realtor, Damon McCartney, is broken was not the point in attaching Mr. McCartney's declaration to the Motion. The point was that Mr. McCartney had a number of parties interested in the property who had made full price offers contingent upon their completion of due diligence. Mr. Buttnick refused to cooperate with his own realtor in the due diligence and getting the property sold. Mr. Buttnick states that he has recently retained Damon McCartney as the realtor. However, no motion to employ Mr. McCartney has been filed in this case.

Mr. Buttnick has not provided any explanation as to why the receivership schedules list assets that are not listed on his bankruptcy schedules. Mr. Buttnick has not amended his schedules to deal with these assets or the transfer of assets that allegedly existed on the date the receivership was filed but no longer are in the Debtor's possession.

Mr. Buttnick's incomplete and inaccurate schedules and Statement of Financial Affairs ("SOFA") indicate that this Debtor is not serious about this bankruptcy proceeding and is not interest in providing complete information regarding his assets and liabilities. Rather he is merely using the bankruptcy process to delay the inevitable, the sale of the property to a disinterested third party. The SOFA (docket #30) answer to question no.1 remains unanswered even though the SOFA was filed 16 days after the Petition Date. It has now been 27 days since the Petition Date and Mr.

- REPLY OF JOLAN INC AND LANCE MIYATOVICH TO MOTION TO APPOINT CHAPTER 11 TRUSTEE
Page | **2**

**WOOD & JONES PS**
303 N. 67TH ST
SEATTLE, WA 98103-5209
PHONE: (206) 623-4382
FACSIMILE: (206) 224-4895

Case 13-20151-TWD    Doc 48    Filed 12/17/13    Ent. 12/17/13 13:35:16    Pg. 2 of 5

Buttnick has not deigned to disclose what his income for 2011, 2012 or 2013 is. Rather Mr. Buttnick states in answer to each question "to be supplemented". There is not even an explanation as to why this information has to be supplemented and can't be disclosed at this point in time. This is simply not acceptable. In answer to question number 2 of the SOFA Mr. Buttnick has disclosed some income other than from employment or operation of business, yet he failed to disclose the source of the income.

In answer to question number 10 on the SOFA the Debtor is required to list all property transferred within the last two years. The Debtor lists none. Yet we know from his declaration that there were transfers of interests between the Debtor and Mr. Bezzaz. The Declaration of Mr. Shriki indicates that the Debtor originally had a 50% interest in Jamison & McFarland but that interest is now only 30%. The transfer of the 20% interest is not disclosed in answer to question number 10.

The Debtor indicates that questions 19-25 are not applicable to this case, yet they are. Mr. Buttnick needs to answer those questions as to 1) Jamison and McFarland, LLC, 2) J&M Hotel, LLC and 3) J&M Café, LLC and any other entities in which he has more than a 5% interest.

Clearly, accurately and completely filling out and filing the schedules is not of high importance to Mr. Buttnick.

**Shriki Objection**

The Shriki's aren't creditors of this estate and, as such, have no standing to file an objection to the Motion. The Shriki objection should also be ignored as it is not corroborated by a valid supporting declaration. Shimon Shriki signed the Declaration. He has no interest whatsoever in Jamison and McFarland; the 50% owner is Michelle Shriki who, interestingly enough, did not file a declaration in support of the Motion.

- REPLY OF JOLAN INC AND LANCE MIYATOVICH
TO MOTION TO APPOINT CHAPTER 11 TRUSTEE
P a g e | **3**

**WOOD & JONES PS**
303 N. 67TH ST
SEATTLE, WA 98103-5209
PHONE: (206) 623-4382
FACSIMILE: (206) 224-4895

Case 13-20151-TWD    Doc 48    Filed 12/17/13    Ent. 12/17/13 13:35:16    Pg. 3 of 5

The Shriki's objection goes to great length to point out what they perceive to be the factual inaccuracies in the Motion, yet every fact that Shriki contests is taken from either a signed declaration or a signed pleading. Mr. Shriki may not like what other people have to say, but that does not make the statements inaccurate.

Mr. Shriki indicates that from early 2013 to the present the amount of stock Mr. Buttnick has in Jamison & McFarlend, LLC has been reduced by 20% from 50% down to 30%. There is no document attached to his declaration which would allow for such a reduction of Mr. Buttnick's interest. Mr. Shriki indicates that he was funding the company. What did the company need funding for? Clearly, Mr. Shriki will need to file an accounting with this Court.

Mr. Shriki claims it is "admittedly anomalous" to have two different leases for the same property. The more appropriate word would be "dishonest". There can only be one true effective lease in place. To decide whether to give a lender the real lease or a backup lease dependent on what you perceive would be more beneficial to you is dishonest.

The Shrikis contend that no party has come forward with a more favorable purchase offer. This is false. Jolan, Miyatovich and Fairview made a credit bid offer to which far exceeded the Shriki offer.

Finally, the Shriki's need not bother filing a motion to terminate their agreement to purchase the property. There is no motion pending before this Court to allow a sale to the Shriki's. The receivership in State Court has been stayed and will shortly be terminated.

Despite the various objections filed in this Court none have provided any documentation disputing the basis facts which support the appointment of a Chapter 11 Trustee. In a nutshell Mr. Buttnick is not fit to be a Chapter 11 Debtor. He has admitted to participating in fraudulent transfers. He has admitted to signing documents that are false. He has admitted to signing documents that he

- REPLY OF JOLAN INC AND LANCE MIYATOVICH
TO MOTION TO APPOINT CHAPTER 11 TRUSTEE
P a g e | **4**

**WOOD & JONES PS**
303 N. 67TH ST
SEATTLE, WA 98103-5209
PHONE: (206) 623-4382
FACSIMILE: (206) 224-4895

Case 13-20151-TWD    Doc 48    Filed 12/17/13    Ent. 12/17/13 13:35:16    Pg. 4 of 5

has not read. A Chapter 11 Trustee should be appointed or the case should be converted to a Chapter 7.

Dated this 17th day of December, 2013.

                                            Wood & Jones, P.S.
                                            */s/ Denice E. Moewes*
                                            Denice E. Moewes, WSBA#19464
                                            Attorney for Michael McCarty
                                            Chapter 7 Trustee for the estate of
                                            Jolan, Inc.

- REPLY OF JOLAN INC AND LANCE MIYATOVICH
TO MOTION TO APPOINT CHAPTER 11 TRUSTEE
P a g e | **5**

**WOOD & JONES PS**
303 N. 67TH ST
SEATTLE, WA 98103-5209
PHONE: (206) 623-4382
FACSIMILE: (206) 224-4895

Case 13-20151-TWD   Doc 48   Filed 12/17/13   Ent. 12/17/13 13:35:16   Pg. 5 of 5