Honorable Christopher M. Alston
Chapter 11
Hearing Location: Seattle
Hearing Date: December 14, 2018
Hearing Time: 9:30 a.m.
Chapter 11

Thomas S. Linde
Schweet Linde & Coulson, PLLC
575 S. Michigan St.
Seattle WA 98108

# IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

In re:

JACOB BUTTNICK,

    Debtor.

No. 13- 20151-CMA

OBJECTION TO MOTION TO REOPEN CASE, APPLICATION FOR APPROVAL OF TRUSTEE FEES, APPLICATION FOR COMPENSATION OF ACCOUNTANT, AND APPLICATION FOR COMPENSATION OF ATTORNEY

## I. RELIEF REQUESTED

Creditors Jolan, Inc. and Lance Miyatovich (the "Jolan Creditors") file this Objection to Motion to Reopen Case, Application for Approval of Trustee Fees, Application for Compensation of Accountant, and Application for Compensation of Attorney ("Objection"). The Jolan Creditors respectfully request that the Court deny the Trustee's Motion to Reopen Case, Application for Approval of Trustee Fees, Application for Compensation of Accountant, and

OBJECTION TO MOTION TO REOPEN CASE, APPLICATION FOR APROVAL OF TRUSTEE FEES, APPLICATION FOR COMPENSATION OF ACCOUNTANT, AND APPLICATION FOR COMPENSATION OF ATTORNEY - 1

**SCHWEET LINDE & COULSON, PLLC**
575 S. MICHIGAN ST.
SEATTLE WA 98108
P: 206-275-1010 || F: 206-381-0101

Case 13-20151-CMA    Doc 192    Filed 12/07/18    Ent. 12/07/18 19:18:06    Pg. 1 of 8

Application for Compensation of Attorney (the "Motion") because: (1) this Court lacks jurisdiction to grant the Motion because this proceeding was dismissed over four years ago; and (2) notwithstanding this lack of jurisdiction, even if the Court has jurisdiction, through equitable subrogation, the Jolan Creditors would be entitled to the rents collected by the Trustee Ronald G. Brown (the "Trustee") which were subject to assignments of rents in the deeds of trust held by Jacob Buttnick's secured creditors at the time of the dismissal of this Chapter 11.

## II. FACTS

This bankruptcy was filed on November 20, 2013, by the Debtor Jacob Buttnick ("Debtor"). *See* Dkt # 1. At the time of filing, Debtor's assets were being administered in a state Court receivership in King County Cause No. 13-2-23670-2 SEA (the "Receivership") which included Debtor's real property at 201, 203, 205 First Ave. S., Seattle, WA (the "Property") which was the Debtor's primary asset. At the time of filing, Whidbey Island Bank held a first position deed of Trust against the Property which included an assignment of rents. *See, i.e., Response of Whidbey Island Bank to Motion to Appoint Chapter 11 Trustee,* Dkt. # 39. Fairview Investment Funds, I LLC ("Fairview") also had three deeds of trust recorded against the Property which also held assignments of rents. *See* Claim 4-1; *see also Fairview Investment Funds I, LLC 's Response to Receiver's Motion to Approve Accounting, Award Compensation, Etc.,* Dkt #31. Finally, pursuant to their state court judgment, behind Whidbey Island Bank and Fairview's liens, the Jolan Creditors also had a lien on the Property, subordinate to that of Whidbey Island Bank and Fairview, pursuant to a Stipulated Judgment entered in the King County Superior Court on August 9,

OBJECTION TO MOTION TO REOPEN CASE, APPLICATION FOR APROVAL OF TRUSTEE FEES, APPLICATION FOR COMPENSATION OF ACCOUNTANT, AND APPLICATION FOR COMPENSATION OF ATTORNEY - 2

**SCHWEET LINDE & COULSON, PLLC**
575 S. MICHIGAN ST.
SEATTLE WA 98108
P: 206-275-1010 || F: 206-381-0101

2012. *See Declaration of Lance Miyatovich in Support of Motion for Relief from the Automatic Stay by Creditors Jo/an, Inc., and Lance Miyatovich,* Dkt. # 95 at 28.

During the pendency of the bankruptcy, the Trustee collected rents on the Property, and as early as March 31, 2014, had collected approximately $25,000 from collected rents which, as the Trustee acknowledged, both Whidbey Island Bank and Fairview Investments claimed as their cash collateral pursuant to assignment of rent provisions. *See Trustee 's Motion to Approve Use of Cash Collateral to Pay Insurance/Bond Fee and Motion to Continue Trustee's Motions to Approve Sale or Abandon Real Estate,* Dkt. # 56 at 2.

On April 4, 2014, an Order Granting Relief from Stay and Dismissing Case (the "Dismissal Order") was entered dismissing this proceeding. *See Notice of Dismissal,* Dkt. # 172. Subsequently, on April 25, 2014, this case was closed by order of the court clerk.

Thereafter, in June of 2014, the Debtor Jacob Buttnick placed himself into another receivership whereby the Property was eventually sold pursuant to an Agreed Order Approving Sale Free and Clear in King County Cause No. 14-2-15399-6. *See Declaration of Thomas Linde in Support of Objection to Motion to Reopen Case, Application for Approval of Trustee Fees, Application for Compensation of Accountant, and Application for Compensation of Attorney,* Exh. A. Pursuant to the Agreed Order Approving Sale Free and Clear, the Property was eventually sold with Whidbey Island Bank and Fairview both being paid in full from the proceeds of the sale. However, as noted above, the Jolan Creditor's second judgment (entered on April 17, 2014 after this bankruptcy was dismissed) was not paid in full.

OBJECTION TO MOTION TO REOPEN CASE, APPLICATION FOR APROVAL OF TRUSTEE FEES, APPLICATION FOR COMPENSATION OF ACCOUNTANT, AND APPLICATION FOR COMPENSATION OF ATTORNEY - 3

**SCHWEET LINDE & COULSON, PLLC**
575 S. MICHIGAN ST.
SEATTLE WA 98108
P: 206-275-1010 || F: 206-381-0101

Case 13-20151-CMA    Doc 192    Filed 12/07/18    Ent. 12/07/18 19:18:06    Pg. 3 of 8

As the Trustee acknowledges in his present motion, Whidbey Island Bank and Fairview were paid in full from the sale of the Property in the second receivership proceeding. At that same time, the Jolan Creditors were partially paid in the second receivership but not in full. Consequently, had the cash collateral rents collected by the Trustee been turned over and paid to Whidbey Island Bank and/or Fairview, the Jolan Creditors would have received the benefit of these rents being applied to the indebtedness of Whidbey Island Bank and/or Fairview. Because these funds were not applied to these obligations, the amounts disbursed to the Jolan Creditors in the second receivership proceeding were decreased by the same amount.

Now, nearly five years after the case was dismissed, the Trustee has filed the present Motion to reopen this dismissed case to administer funds in order to pay his fees (as well as his attorney and accountant).

### III. ISSUES

Whether the Court should deny the Motion when: (1) court lacks jurisdiction to grant the Motion because this case was dismissed over 4 years ago; and (2) even if the Court has jurisdiction, through equitable subrogation, the Jolan Creditors would be entitled to the rents collected by the Trustee which were subject to assignments of rents in the deeds of trust held by Debtor's secured creditors and should have been turned over to them.

### IV. EVIDENCE RELIED UPON

1. Declaration of Thomas S. Linde in Support of Objection to Reopen Case, Application for Approval of Trustee Fees, Application for Compensation of Accountant, and Application for Compensation of Attorney; and

2. The record and files contained therein.

OBJECTION TO MOTION TO REOPEN CASE, APPLICATION FOR APROVAL OF TRUSTEE FEES, APPLICATION FOR COMPENSATION OF ACCOUNTANT, AND APPLICATION FOR COMPENSATION OF ATTORNEY - 4

**SCHWEET LINDE & COULSON, PLLC**
575 S. MICHIGAN ST.
SEATTLE WA 98108
P: 206-275-1010 || F: 206-381-0101

Case 13-20151-CMA    Doc 192    Filed 12/07/18    Ent. 12/07/18 19:18:06    Pg. 4 of 8

# V. ARGUMENT

### A. Because this Bankruptcy was Dismissed over Four Year Ago, this Court Lacks Jurisdiction to Grant the Motion.

The Ninth Circuit Court of Appeals has held that where a bankruptcy is dismissed, there is no longer any bankruptcy case in existence and the bankruptcy court no longer has jurisdiction. *See In re Income Property Builders, Inc.,* 699 F .2d 963 (9th Cir. 1982). As stated by the Ninth Circuit Court of Appeals:

> 11 U.S.C. § 349, treating the effects of a bankruptcy, obviously contemplates that on dismissal a bankrupt is reinvested with the estate, subject to all encumbrances which existed prior to the bankruptcy. After an order of dismissal, the debtor's debts and property are subject to the general laws, unaffected by bankruptcy concepts. After dismissal a debtor may file another petition for bankruptcy unless the initial petitions was dismissed with prejudice.

*Id.* at 965.

In this instance case, the bankruptcy was dismissed, and the Trustee, knowing it was holding funds, did not challenge the dismissal or move to vacate the dismissal at any point. *See* Fed. R. Bank. P. 9024; Fed. R. Civ. P. 60 ("A motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Accordingly, as the case was dismissed and not vacated within one year, the Court is without jurisdiction to grant the relief requested in the Motion. Accordingly, the Motion should be denied.

OBJECTION TO MOTION TO REOPEN CASE, APPLICATION FOR APROVAL OF TRUSTEE FEES, APPLICATION FOR COMPENSATION OF ACCOUNTANT, AND APPLICATION FOR COMPENSATION OF ATTORNEY - 5

**SCHWEET LINDE & COULSON, PLLC**
575 S. MICHIGAN ST.
SEATTLE WA 98108
P: 206-275-1010 || F: 206-381-0101

B. **Even if the Court has Jurisdiction, the Jolan Creditors have a Superior Claim to the Funds Under the Doctrine of Equitable Subrogation.**

As discussed, the funds collected by the Trustee were subject to assignments of rents in favor of Whidbey Island Bank and Fairview. Because the Trustee did not turnover such funds to Whidbey Island Bank and Fairview, the Jolan Creditors were denied the benefit of these funds being applied to those obligations meaning that the amounts disbursed to the Jolan Creditors were decreased by the amount of the funds now being held by the Trustee. As the Washington State Supreme Court stated in *Columbia Community Bank v. Newman Park, LLC,* 177 Wn.2d 566, 304 P.3d 472 (2013):

> Equitable subrogation allows one party to step into the shoes of a second party who is owed a debt or obligation and to receive the benefit of that debt or obligation, in the absence of any contractual agreement or assignment of rights between those two parties or the debtor. *See \*57 Winters v. State Farm Mut. Auto. Ins. Co.,* 144 Wash.2d 869, 875, 31 P.3d 1164 (2001). Subrogation is permitted without assignment in order to prevent unjust enrichment. *See Prestance,* 160 Wash.2d at 576, 160 P.3d 17. Unjust enrichment is an equitable doctrine; thus this sort of subrogation is called equitable subrogation.
>
> In its simplest form, equitable subrogation involves three parties: a lender, a debtor, and a third party. If a third party pays a debtor's outstanding loan to the lender without any formal agreement between the parties, then, under certain circumstances, equity permits the third party to take over the lender's interest and receive the continuing payments of the debtor-to step into the lender's shoes to the extent of the current obligation. <u>In other words, the third party is subrogated to the lender's interest.</u>

177 Wn.2d at 573-574 (emphasis added).

OBJECTION TO MOTION TO REOPEN CASE, APPLICATION FOR APROVAL OF TRUSTEE FEES, APPLICATION FOR COMPENSATION OF ACCOUNTANT, AND APPLICATION FOR COMPENSATION OF ATTORNEY - 6

**SCHWEET LINDE & COULSON, PLLC**
575 S. MICHIGAN ST.
SEATTLE WA 98108
P: 206-275-1010 || F: 206-381-0101

Case 13-20151-CMA    Doc 192    Filed 12/07/18    Ent. 12/07/18 19:18:06    Pg. 6 of 8

In the Motion, the Trustee takes for granted that he and his professionals are entitled to the funds, but it is indisputable that if such funds had been properly turned over to the state court receivership or to Whidbey Island Bank and/or Fairview, said funds would have gone to reduce the amounts owing under the Whidbey Island Bank and/or Fairview's loans. Had this actually occurred, the Jolan Creditors would have received the benefit of those funds being applied and in essence paid these amounts to the prior creditors in the form of a reduced disbursement. Thus, under the theory of equitable subrogation, the Jolan Creditors (as the party shorted) should be permitted to step into Whidbey Island Bank and Fairview's shoes under their assignments of rents and receive the benefit of the funds the Trustee has failed to turnover. Consequently, even if this Court has jurisdiction with regard to the Trustee's Motion, such funds should be paid to the Jolan Creditors under the theory of equitable subrogation.

## VI. CONCLUSION

Because: (1) this court lacks jurisdiction to grant the Motion which was filed four years after this bankruptcy was dismissed; and (2) even if the Court does not lack jurisdiction, the Jolan Creditors are equitably subrogated to the rights of Whidbey Island Bank and Fairview and are entitled to a turnover of the funds being held by the Trustee, the Motion should be denied.

Respectfully submitted this 7th day of December, 2018

SCHWEET LINDE & COULSON, PLLC
Attorneys for the Jolan Creditors

By: /s/ Thomas Linde
Thomas S. Linde, WSBA #14426
Jacob D. Rosenblum, WSBA #42629

OBJECTION TO MOTION TO REOPEN CASE, APPLICATION FOR APROVAL OF TRUSTEE FEES, APPLICATION FOR COMPENSATION OF ACCOUNTANT, AND APPLICATION FOR COMPENSATION OF ATTORNEY - 7

**SCHWEET LINDE & COULSON, PLLC**
575 S. MICHIGAN ST.
SEATTLE WA 98108
P: 206-275-1010 || F: 206-381-0101

# DECLARATION OF SERVICE

On December 7, 2018, I caused this document to be filed electronically through the CM/ECF system, which caused the Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 7th day of December 2018 at Seattle, Washington.

<u>/s/ Thomas Linde</u>

| | |
|---|---|
| OBJECTION TO MOTION TO REOPEN CASE, APPLICATION FOR APROVAL OF TRUSTEE FEES, APPLICATION FOR COMPENSATION OF ACCOUNTANT, AND APPLICATION FOR COMPENSATION OF ATTORNEY - 8 | **SCHWEET LINDE & COULSON, PLLC**<br>575 S. MICHIGAN ST.<br>SEATTLE WA 98108<br>P: 206-275-1010 \|\| F: 206-381-0101 |